MANAGING PARTNERS
Phillip C. Hamilton, Esq.
Lance A. Clarke, Esq.

September 20, 2023

**BY ECF**

Hon. Jessica G. L. Clarke
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, New York 10007

      Re:    *Martinez v. City of New York*, 23-CV-6303 (JGLC)

Your Honor:

      We represent Plaintiff in the above-captioned case and write to oppose the September 14, 2023 letter motion by Defendants the City of New York ("the City") and the New York City Administration for Children's Services ("ACS") seeking an indefinite stay of all proceedings in this matter (ECF No. 21). The motion should be denied because the City and ACS have shown no prejudice to them that demands this extraordinary stay. Conversely, Plaintiff will be substantially prejudiced if this case is stayed indefinitely. It is important to note that this stay is sought *only* by the City and ACS and not by either of the individual defendants (ACS officers who are now under criminal indictment for the incident at issue in this case). Neither of the individual defendants has appeared yet in this action and neither has requested a stay of this proceeding.

      This case arises from the April 25, 2022, assault of Plaintiff Anacelis Martinez's minor son, A.J., who was attacked by ACS officers (known as Special Officers) while A.J. was detained at the Horizon Juvenile Center in the Bronx. *See* Compl. ¶¶ 20-31 (Dkt. 1). This lawsuit focuses on the City and ACS's long-standing indifference to the deplorable conditions of confinement in juvenile facilities, including Horizon. The City and ACS are sued both under *respondeat superior* (for Plaintiff's state law claims) and under *Monell* because the widespread practices and deliberate indifference of the City and ACS were the moving force of the constitutional violations inflicted on A.J. As the Complaint alleges in detail, the City and ACS have remained stubbornly indifferent to assaults on juvenile detainees, and the City and ACS have maintained a widespread practice of failing to supervise and discipline Special Officers who have assaulted or otherwise behaved aggressively and inappropriately toward juveniles in their custody.

      In addition to the City and ACS, Plaintiff has sued two of the Special Officers – identified in the Complaint as "Seymour" and "Ferguson" – who assaulted A.J. Both of these officers have been served, but neither has answered yet, and both are in default (*see* Dkts. 16 and 17). Whether "Seymour" and "Ferguson" are the only officers who assaulted A.J., or whether those names are the correct names of the officers, is unknown to Plaintiff because the official investigations into

www.HamiltonClarkeLLP.com     48 Wall Street, Suite 1100, New York, NY 10005     P. 212-729-0952



Hon. Jessica G. L. Clarke
September 20, 2023
Page 2

the incident have stonewalled Plaintiff from receiving any details about the facts of the case.[1]

On July 26, 2023, less than a week after this lawsuit was filed, the United States Attorney's Office for the Southern District of New York announced that it had indicted two of the officers involved in A.J.'s assault, Daquan Seymour and Rashawn Walker.[2] Having not yet even denied the allegations in the Complaint, the City and ACS have now moved for a total and indefinite stay of all proceedings in this case based only on the fact that these criminal charges are now pending. The City and ACS's motion fails to demonstrate why such an extraordinary stay should be granted.

"A total stay of civil discovery pending the outcome of related criminal proceedings . . . is an extraordinary remedy." *Par Pharm. Sec. Litig.*, 133 F.R.D. 12, 13 (S.D.N.Y. 1990). The party seeking a stay "bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). "In general, 'absent a showing of undue prejudice upon defendant or interference with his constitutional rights, there is no reason why plaintiff should be delayed in its efforts to diligently proceed to sustain its claim.'" *Hicks v. City of N.Y.*, 268 F. Supp. 2d 238, 241 (E.D.N.Y. 2003) (quoting *Transatlantic Reinsurance Co. v. Salvatore Ditrapani, Int'l,* No. 90 CV 3884, 1991 U.S. Dist. LEXIS 872, at *5 (S.D.N.Y. Jan. 28, 1991)).

First, the City and ACS argue that "[a]llowing this lawsuit to go forward *could* prejudice the criminal case" (Dkt. 21 at 2) (emphasis added). Yet, these corporate defendants, neither of which are facing criminal charges themselves, have failed to articulate what specific prejudice will be caused to the City or ACS if this litigation is allowed to proceed. Again, it is only the City and ACS that have requested this stay; the officers themselves have not yet appeared in this case and have not sought to stay this matter.

The mere fact of pending criminal charges against one defendant concerning the same subject matter is not, in and of itself, a basis to stay the entire civil proceeding. Other courts in this circuit have denied a blanket stay sought by a corporate defendant where the corporation's employee was under criminal indictment for the same subject matter. *See, e.g.*, *Fidelity Funding of Calif., Inc. v. Reinhold*, 190 F.R.D. 45 (E.D.N.Y. 1997).[3]

---

[1] The Justice Center for Protection of People with Special Needs investigated the assault and interviewed A.J., but it refused to release details to Plaintiff's counsel in response to requests for information, citing its ongoing investigation. Likewise, the U.S. Attorney's Office, which is now prosecuting two of the officers involved, would not provide details to Plaintiff's counsel during its investigation, and the indictment was filed after Plaintiff filed this action.

[2] *See* https://www.justice.gov/usao-sdny/pr/two-supervisors-charged-federal-crimes-connection-beating-16-year-old-resident-bronx; *see also U.S. v. Seymour* et al., Case No. 23 Cr. 373 (S.D.N.Y.).

[3] The City and ACS's reliance on *Johnson v. N.Y. City Police Dep't*, 01 Civ. 6570 (RCC) (JCF), 2003 U.S. Dist. LEXIS 12111 (S.D.N.Y. July 16, 2003), is misplaced because that case involved pending criminal charges against *the plaintiff* for the same events that gave rise to the civil case. Moreover, *Johnson* was litigated by a *pro se* plaintiff, who did not oppose the City's motion.



There is ample discovery that can be exchanged in this case without impacting the criminal case against Officers Seymour and Walker. As noted above, Plaintiff has alleged significant *Monell* claims against the City and ACS based on their longstanding indifference to rampant problems in city-run juvenile facilities – problems that have been documented by the federal monitor in *Nunez* and allowed to persist, nonetheless. Despite knowing of these ongoing problems, the City and ACS have failed to take appropriate steps to stop them. *Monell* discovery concerning the City and ACS's knowledge and response to prior incidents and the lack of discipline and supervision in other incidents, among other topics, could proceed without any impact on the pending criminal case against Officers Seymour and Walker.

The City and ACS also argue that "until the prosecution, and any internal investigation into the incident concludes, both parties will have limited access to documents, recordings, or other information regarding the incident alleged in this case" (Dkt. 21, at 3). But the City and ACS offer no explanation for this conclusory assertion. The City and ACS have, among other pieces of evidence, the surveillance video of the assault and very likely statements and reports made by municipal employees about the assault. The City and ACS also have personnel records and complaint histories concerning the officers involved and other *Monell* discovery that Plaintiff will seek. All of these materials can be exchanged in discovery without impacting the pending criminal prosecution. Any ephemeral concerns about an internal investigation concerning the underlying incident can be resolved through an appropriate protective order.

The City and ACS next argue that "the parties will not be able to proceed with depositions while the criminal prosecution is open, in order to preserve the defendants' Fifth Amendment rights" (Dkt. 31 at 3). But there is no Fifth Amendment protection in a civil case. *See Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976). Whether or not the officers decide to invoke their Fifth Amendment rights in this case does not mean their depositions cannot proceed. In any event, as noted above, there is ample paper discovery – as well as a 30(b)(6) deposition and depositions of other individuals with knowledge about the assault – that can take place before the criminal prosecution is complete without prejudicing that prosecution.

Lastly, the City and ACS contend that the Corporation Counsel's Office has not resolved representation issues with the officers involved and "[t]he outcome of the criminal case and any internal investigations ***may*** impact this determination" (Dkt. 21 at 3) (emphasis added). Thus, the City and ACS cannot even state definitively that they are unable to make representation decisions while the criminal case and "any internal investigations" are pending. Unspecified internal investigations cannot be used as an indefinite shield to litigation; otherwise, lawsuits against City officials would never proceed.

Two additional considerations weigh heavily in favor of denying the requested stay. First, a stay of these proceedings will severely prejudice Plaintiff. As noted above, Plaintiff has been kept in the dark about the details of the assault that have been uncovered in the official investigations into this incident. Other than what is alleged in the federal criminal indictment, Plaintiff still does not know the identity – or correct names – of all of the officers involved in the



Hon. Jessica G. L. Clarke<br>
September 20, 2023<br>
Page 4

assault (and those who may have assisted in attempting to cover up the assault). Plaintiff also does not know the identities of the medical staff who failed to assist A.J. for several hours after the assault. *See* Dkt. 1 ¶ 33. Without this basic information, Plaintiff is unable to timely pursue potential claims against all individuals who are liable for the injuries inflicted on her son.

Second, the City itself had tacitly acknowledged the importance of moving ahead with discovery in this case. The same day that the City and ACS moved for a stay, they sent a letter notifying Plaintiff's counsel that they intended to subpoena A.J.'s medical records and enclosed a subpoena signed the day before. After receiving that letter (which was sent by postal mail instead of email), we contacted counsel for the City and ACS this morning and advised that the subpoena violated Rule 26(d)(1). Counsel for the City and ACS agreed to withdraw the subpoena, which apparently was not yet served, but the fact remains that the City recognizes that there is relevant discovery that can and should be exchanged without further delay.

For these reasons, we ask the Court to deny the City and ACS's motion for a stay.

Respectfully,

Joshua S. Moskovitz
Brian G. Buckmire
Calla R. Ketchens

*Attorneys for Plaintiff*

cc:     All Counsel of Record (by ECF)