UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANACELIS MARTINEZ, as the parent and natural guardian of A.J. (a minor),

　　　　　　　　　　Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

　　　　　　　　　　Defendants.

---

23-CV-6303 (JGLC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff brings this action on behalf of her minor son A.J., alleging that he was attacked by ACS officers while detained at the Horizon Juvenile Center ("Horizon") in the Bronx. ECF No. 1 ("Compl.") ¶ 1. Currently before the Court is Defendants' letter-motion seeking a stay of this civil action in its entirety pending the resolution of a criminal prosecution against Defendant Daquan Seymour and Rashawn Walker. ECF 21 ("Mot.") at 1. For the reasons discussed below, Defendants' motion is granted in part and denied in part.

## BACKGROUND

According to the Complaint, on April 25, 2022, Special Officers Seymour and John/Jane Does assaulted A.J. while he was detained at Horizon. Compl. ¶¶ 28–31. He was 16 years old at the time. *Id.* ¶ 21. Special Officer Ferguson was present for the assault and observed the other officers' conduct and did not intervene. *Id.* ¶¶ 29–33. On July 20, 2023, Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 against the City of New York ("City"), the New York City Administration for Children's Services ("ACS"), Special Officer Seymour, Special Officer Ferguson, and Special Officers John and Janes Does. The Complaint asserts four causes of action: (1) a claim under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments against Special Officers Seymour and Ferguson; (2) *Monell v. Dep't of Social*

*Servs.*, 436 U.S. 658 (1978) liability under 42 U.S.C. § 1983 against the City and ACS; (3) assault and battery claims under state law against all Defendants; and (4) a negligent training, supervision, discipline, and retention claim under state law against the City and ACS. Compl. at 11–13. Special Officers Seymour and Ferguson were served but have not responded to the complaint. ECF Nos. 16, 17.

On July 25, 2023, the United States Attorney's Office for the Southern District of New York brought criminal charges against Daquan Seymour and Rashawn Walker pursuant to an indictment. Mot. at 2 n.1; *see also U.S. v. Seymour and Walker*, No. 23-CR-3730 (ER). The charges against Seymour and Walker relate to the April 25, 2022 beating of a 16-year-old resident at Horizon. Indictment at 1–2, *U.S. v. Seymour and Walker*, No. 23-CR-3730 (ER) (July 25, 2023), ECF No. 1. On September 15, 2023, the City and ACS filed the instant motion requesting to stay this case pending the resolution of the criminal proceeding.

## LEGAL STANDARD

"A district court may stay civil proceedings when related criminal proceedings are imminent or pending, and it will sometimes be prudential to do so." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98 (2d Cir. 2012). When deciding whether to stay civil proceedings pending imminent criminal proceedings, courts of this Circuit consider six factors:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Id.* at 99 (quoting *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)). The determination of whether to grant a stay must be based on a "particularized inquiry into the circumstances of, and the competing interests in, the

case." *Id.* The party seeking a stay "bears the burden of establishing its need." *Id.* at 97 (quoting *Clinton v. Jones*, 520 U.S. 681, 708 (1997)).

"A stay of a civil case is an extraordinary remedy." *Hicks v. City of N.Y.*, 268 F. Supp. 2d 238, 241 (E.D.N.Y. 2003) "Courts do not automatically stay civil proceedings because a defendant has been charged criminally." *U.S. Sec. & Exch. Comm'n v. Santillo*, No. 18-CV-5491 (JGK), 2018 WL 6039324, at *1 (S.D.N.Y. Nov. 2, 2018). "Indeed, there is nothing unconstitutional about requiring a defendant to litigate parallel civil and criminal proceedings at the same time." *Id.*

## DISCUSSION

The balance of these factors favors granting a stay only as it relates to Special Officer Seymour and Special Officer Walker (the "Indicted Officers"), to the extent Walker is added as a defendant in this case. The factors weigh in favor of permitting discovery to proceed against officers not named in the criminal proceedings (the "Unindicted Officers") and against the City and ACS.

### I. Overlap Between the Civil and Criminal Cases

There is no dispute that there is substantial overlap between the civil and criminal cases. "The strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter." *Doe v. Indyke*, No. 20-CV-00484 (JGK), 2020 WL 5518384, at *3 (S.D.N.Y. Sept. 14, 2020). The criminal charges against Officer Seymour, beating a 16-year-old resident of Horizon on April 25, 2022, appear to be identical to the allegations against him in Plaintiff's complaint. As such, Officer Seymour would be required to defend himself in this civil proceeding while under criminal indictment for the same conduct. However, the City, ACS and Unindicted Officers are not required to defend themselves in parallel actions, and the allegations Plaintiff asserts against the City and ACS that give rise to

*Monell* liability and negligent training claims are not implicated in the criminal action. This factor weighs in favor of a stay with respect to the Indicted Officers but not as to the claims against the Unindicted Officers, City and ACS.

## II. Status of the Criminal Case

"Whether the defendant has been indicted has been described as 'the most important factor' to be considered in the balance of factors." *Maldanado v. City of New York*, No. 17-CV-6618 (AJN), 2018 WL 2561026, at *2 (S.D.N.Y. June 1, 2018) (quoting *Karimona Investments, LLC v. Weinreb*, No. 02-CV-1792 (WHP) (THK), 2003 WL 941404, at *3 (S.D.N.Y. Mar. 7, 2003)). The Indicted Officers have been indicted, which supports a stay.

The remaining defendants have not been charged with any crime, and there is no indication that they are under criminal investigation. Accordingly, this factor weighs in favor of a stay with respect to the Indicted Officers and against a stay with respect to the Unindicted Officers, City and ACS.

## III. The Private and Public Interests

Plaintiff has a clear interest in "expeditiously resolving [their] civil case." *Id.* Unless a defendant "can show that it will suffer undue prejudice or its constitutional rights will be violated without a stay, the plaintiffs should not be delayed in their efforts to diligently proceed to sustain its claim." *Hicks*, 268 F. Supp. 2d at 242–243 (quoting *Transatlantic Reinsurance Co. v. Salvatore Ditrapani, Int'l*, No. 90-CV-3884, 1991 WL 12135, at *2 (S.D.N.Y. Jan. 28, 1991)).

"[C]ourts have generally been concerned about the extent to which continuing civil proceedings would unduly burden a defendant's exercise of his rights under the Fifth Amendment." *Louis Vuitton Malletier*, 676 F.3d at 97. "A stay can protect a civil defendant from facing the difficult choice between being prejudiced in the civil litigation, if the defendant asserts his or her Fifth Amendment privilege, or from being prejudiced in the criminal litigation if he or

she waives that privilege in the civil litigation." *Id.* Because they face a criminal indictment, the Indicted Officers have a clear interest in not compromising their Fifth Amendment rights.

The Unindicted Officers, City and ACS, however, cannot show the same prejudice. The City and ACS argue that until the criminal case concludes, "both parties will have limited access to documents, recordings, or other information about the incident." Mot. at 3. But, at a conference with the Court on October 17, 2023, the City and ACS stated that the only records they currently do not have access to are records from the criminal prosecution and from an ongoing investigation by the Justice Center. However, they do "not adequately explain how [they] would suffer undue prejudice without the information from the criminal proceedings . . . [nor] why these documents are necessary to go forward with discovery." *Hicks*, 268 F. Supp. 2d at 243; *see also Louis Vuitton Malletier*, 676 F.3d at 102 ("The defendants might have submitted 30(b)(6) witnesses, other than the indicted defendants, who could have offered testimony to fill in the gaps assertedly left by the seizure of these documents.").

Furthermore, the central issues in the claims against the City and ACS are whether they failed to properly supervise and train officers and whether they maintain a policy or practice of deliberate indifference to excessive force by officers at juvenile facilities. As Plaintiff notes, the City and ACS should have access to the documents relevant to answering those questions, regardless of the status of the criminal case. ECF No. 24 at 3; *see also Muniz v. City of New York*, No. 12-CV-719 (TPG), 2012 WL 3104898, at *2 (S.D.N.Y. July 17, 2012) ("Plaintiff has outlined several categories of documents related to their *Monell* claims that may be appropriate for discovery even during the pendency of an investigation.").

The Court finds that Plaintiff's interest in the expeditious resolution of this action outweighs any prejudice to the Unindicted Defendants, City or ACS. As such, only a stay against the Indicted Officers is warranted here.

## CONCLUSION

Based on the foregoing, Defendants' motion for a stay is **DENIED** against the City of New York, the New York City Administration for Children's Services, Special Officer Ferguson and any other Unindicted Officers later named in this case. This action is **STAYED** against Special Officer Seymour and to the extent he is later named in this action, Special Officer Rashawn Walker, pending the conclusion of the criminal proceeding. Although a partial stay is warranted, the parties shall proceed with the majority of discovery. This includes document discovery from the City, ACS, and the Unindicted Officers, along with related depositions. The parties shall not seek discovery from or proceed with the deposition testimony of Special Officer Seymour or Special Officer Walker.

As discussed at the conference on October 17, 2023, the partial stay also impacts Plaintiff's anticipated default judgment application against Officers Seymour and Ferguson. Plaintiff need not file a motion for default at this time. With respect to Officer Seymour, the case is stayed. Although the case is not stayed with respect to Officer Ferguson, a default judgment at this time against him when other defendants have appeared and are defending themselves in the action could lead to inconsistent results in the case's resolution. See *El Omari v. Buchanan*, No. 20 CIV. 2601 (VM), 2021 WL 465431, at *3 (S.D.N.Y. Feb. 9, 2021). As such, a default judgment motion would be appropriate after the lifting of the stay and once the case is resolved with respect to the non-defaulting defendants.

Dated: October 18, 2023
      New York, New York

                                     SO ORDERED.

*Jessica Clarke*
JESSICA G. L. CLARKE
United States District Judge