UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

ANACELIS MARTINEZ, as the parent and natural
guardian of A.J. (a minor),

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

Plaintiff,

23-CV-6303 (JGLC)

-against-

THE CITY OF NEW YORK; NEW YORK CITY
ADMINISTRATION FOR CHILDREN'S SERVICES;
SPECIAL OFFICER SEYMOUR (whose first name is
presently unknown), in his individual capacity; SPECIAL
OFFICER FERGUSON (whose first name is presently
unknown), in his individual capacity; and SPECIAL
OFFICERS JOHN and JANE DOES (whose real names are
presently unknown), in their individual capacities,

Defendants.

-------------------------------------------------------------------- X

        **WHEREAS**, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

defendants intend to disclose certain documents and information to plaintiff;

        **WHEREAS**, pursuant to Rules 33 and 34 of the Federal Rules of Civil

Procedure, the Receiving Party[1] may seek certain documents and information from the

Producing Party[2] pursuant to discovery demands in this action;

        **WHEREAS**, the Producing Party objects to the production of those documents

unless appropriate protection for their confidentiality is assured;

---

[1] A "Receiving Party" is a party to this litigation that receives discovery material from a Producing Party in this action.

[2] A "Producing Party" is a party to this litigation, or a non-party either acting on a party's behalf or responding to discovery pursuant to a Rule 45 subpoena, that produces discovery material in this action.

**WHEREAS,** good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**WHEREAS,** the Producing Party deem this information and these documents confidential, private, not accessible to the public, when disclosed it is usually subject to a protective order, and/or subject to a law enforcement and/or governmental privileges and/or other applicable privileges;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the attorneys for plaintiff and defendants that documents and information shall be produced in accordance with the terms set forth below:

1. As used herein, "Confidential Material" shall mean:

(A) Administration for Children's Services ("ACS") employment/personnel related records;

(B) Disciplinary histories from ACS, Office of Children and Family Services ("OCFS"), Department of Investigation, Civil Complaint Review Board, NYPD Internal Affairs Bureau, other NYPD divisions, or any other governmental agency and/or other records that may reveal identifying information of minors or may be protected from disclosure by the New York Family Court Act § 375.1;

(C) NYPD and ACS training materials, including, but not limited to, the non-public sections of training manuals;

(D) Any personal identifying information of non-parties, including but not limited to names, addresses, phone numbers, to the extent exchanged during discovery. For any party or non-party, any social security numbers, financial

account numbers, passwords, or other information that may be used for identity theft, to the extent exchanged during discovery;

(E)  Plaintiff's and witness' medical records, ACS records and Family Court records;

(F)  Other documents and information that may in good faith, during the pendency of this litigation, be designated Confidential Material by the defendants or the Court.

2.   The documents and information defined in paragraph 1 shall not be Confidential Material only to the extent, that they are: (a) lawfully obtained by the Receiving Party from sources other than the Producing Party, or (b) are otherwise publicly available.

3.   Nothing in the Confidentiality Stipulation and Protective Order shall be construed as an agreement to produce any category of discovery materials or as a waiver of any objection to the discoverability, relevance, or admissibility of any matter.

4.   Nothing in this Confidentiality Stipulation and Protective Order shall limit the Producing Party right to redact personal, confidential, or privileged information before producing any document to the Receiving Party.

5.   Any documents provided by a third party in this Action, by request or pursuant to a subpoena, and that are designated as Confidential Material by either party shall be governed by the terms of this Confidentiality Stipulation and Protective Order.

6.   The Producing Party shall have a reasonable time to inspect and designate as Confidential Material documents sought from third parties.[3]

---

[3] The reasonableness of the time required to inspect and designate materials will vary based on the volume and complexity of the materials to be produced and the Producing Party shall give Continued…

7. The Producing Party shall designate documents Confidential Material by labeling such documents "Confidential" and/or by designating such documents by Bates number in a writing directed to the Receiving Party's attorney.

8. The disclosure of documents or information without designating it as Confidential Material shall not constitute a waiver of the right to do so post-production. The Producing Party reserve the right to designate any document confidential pursuant to this Confidentiality Stipulation and Protective Order if necessary after production of such documents. If so designated, the document or information shall thenceforth be treated as Confidential Material subject to all the terms of this Confidentiality Stipulation and Protective Order. Individuals who reviewed the non-designated material prior to notice of their new confidential designation shall abide by the provision of this Confidentiality Stipulation and Protective Order with respect to all future use and disclosure of said material.

9. Inadvertent, unintentional production of any document or information which is privileged, confidential, was prepared in anticipation of litigation, or that is subject to *in camera* review by the Court, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of the Producing Party's right to object to the use of any such document or the information contained therein during any proceeding in this Action or otherwise. The Receiving Party shall immediately return or destroy such documents and information, shall provide a certification of counsel that all inadvertently disclosed material

---

the Receiving Party a reasonable estimate of when the materials will be turned over, however, if the Producing Party requires additional time to produce the materials beyond the estimated deadline, they shall notify the Receiving Party in writing within one-week of the deadline, or as soon as the producing party is aware of the need for additional time.

4

has been returned or destroyed, including any copies, and shall not use such material for any purpose.

10. To the extent documents or information that is otherwise privileged is intentionally produced, such privileged documents or information shall be designated as Confidential Material.

11. If plaintiff, plaintiff's attorneys or anyone on plaintiff's behalf make public representations, the substance of which concerns, or is contained in, the Confidential Material, defendants' attorneys may move the Court, on an expedited basis, for relief.

12. Plaintiff's attorney shall not use the Confidential Material for any purpose other than for the preparation, evaluation, settlement or presentation of plaintiff's case in this Action.

13. If the Receiving Party objects to the designation of any particular document or information as Confidential Material, the Receiving Party shall state such objection in writing, and the parties shall then endeavor to meet and confer in good faith to attempt to resolve such objection. If the objection cannot be resolved among the parties, the Receiving Party, within 30 days of the conclusion of the meet and confer, may request that the Court remove the designation. Any such documents or information shall be treated as Confidential Material until the parties resolve the objection or there is a resolution of the designation by the Court. Failure to comply with the deadline in this paragraph shall constitute abandonment of the Receiving Party's right to object or move.

14. Plaintiff's attorney shall not disclose the Confidential Material to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

a.  Disclosure may be made only if necessary to the preparation, evaluation or presentation of plaintiff's case in this Action, to those individuals described in subparagraphs (b) below.

b.  Disclosure before trial may be made only to a party; to an expert who has been retained or specially employed by plaintiff's attorney with respect to this Action; to a witness in preparation for testimony at a deposition or trial; to a witness, court reporter/stenographer and/or videographer at deposition or trial; or to the Court.

c.  Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff's attorney shall provide each such person with a copy of this Confidentiality Stipulation and Protective Order for review, and such person shall consent in writing, using the form annexed hereto as Exhibit A, not to use the Confidential Material for any purpose other than in connection with the preparation, evaluation or presentation of this Action and not to further disclose the Confidential Material except in testimony taken in this Action. Plaintiff's attorney shall retain the signed consent form and furnish a copy to defendants' attorney upon request, although the name of an expert that plaintiff does not intend to call as a trial witness may be redacted from such consent form before it is produced.

15. Deposition testimony concerning any Confidential Material which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be deemed to be Confidential Material within the meaning of this Stipulation of Confidentiality and Protective Order.

16. If Confidential Material is used at a deposition, the parties may designate those deposition exhibits and portions of deposition testimony as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Material, and can request that the court reporter/stenographer bind the designated testimony as a separate transcript and with a cover page prominently marked "Confidential Information Governed by Confidentiality Stipulation and Protective Order;" or (b) notifying the court reporter/stenographer and all attorneys of record, in writing, within 30 days after a deposition transcript has been received (during which time the entire deposition will be considered Confidential Material), of the specific pages and lines of the transcript that are to be designated Confidential Material, in which event the parties receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control.  Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Confidentiality Stipulation and Protective Order. Failure to make such designations does not constitute a waiver of confidentiality.

17. If any paper which incorporates any Confidential Material or reveals the contents thereof is filed in this Court, those portions of the papers shall be filed under seal, in accordance with the rules of the district court in which the Action is filed and/or the Individual Rules of the judge to whom the papers are directed.

18. If any paper which incorporates any Confidential Material or reveals the contents thereof is filed in this Court, but the confidential information is not material to issues addressed in court submissions, and the parties agree in writing that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents in accordance with

the rules of the district court in which the Action is filed and/or the Individual Rules of the judge to whom the papers are directed.

19. In the event that the Confidential Material or the contents thereof may be disclosed at a court hearing or at trial, the Court may impose appropriate safeguards for the presentation of such Confidential Material. The parties agree to meet and confer in good faith regarding the redaction of any Confidential Material that the party may seek to enter into evidence at a court hearing or trial.

20. This Confidentiality Stipulation and Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Material is produced or disclosed. All documents or information that have been designated Confidential Material pursuant to this Confidentiality Stipulation and Protective Order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Material, including all conforming or non-conforming copies thereof, shall not be used by the Receiving Party, or anyone receiving confidential documents pursuant to paragraph 14 subsection (b) herein, for any purpose.

21. Within 30 days after the termination of this Action, including any appeals, the Confidential Material, including all copies (other than the Court's copies of such material), shall be returned to defendants' attorneys or, upon defendants' attorneys' consent, destroyed; except that plaintiff's attorney shall retain one copy of the Confidential Material, and any Confidential Material containing plaintiff's attorney work product (including but not limited to, notes, and other materials containing or referring to the contents of Confidential Material), to the extent required to comply with applicable law or regulation, so long as

appropriate and reasonable safeguards (at least as stringent as those used to protect plaintiff's own information of similar nature) are imposed to prevent the use of the Confidential Material for any other purpose. Confidential Material which were uploaded to a database or review platform, including any backups, and which cannot reasonably be deleted, must be quarantined and secured to prohibit access to the Confidential Material and shall also be safe guarded by plaintiff's attorney in the same manner as described in this paragraph.

22. This Confidentiality Stipulation and Protective Order shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

23. The Court will retain jurisdiction over all persons subject to this Confidentiality Stipulation and Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

24. The terms of this Confidentiality Stipulation and Protective Order shall be binding upon all current and future parties to this Action and their attorneys.

25. This Confidentiality Stipulation and Protective Order may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Confidentiality Stipulation and Protective Order, which shall be binding upon and effective as to all Parties. The facsimile, scanned or signed pursuant to Rule 5 of the signatories shall be deemed the "original" for the purpose of signing this Confidentiality Stipulation and Protective Order.

26. Nothing in this Confidentiality Stipulation and Protective Order shall be construed to limit defendants' use of the Confidential Material for any other purpose.

Dated: New York, New York
November 30, 2023

HAMILTON CLARKE LLP
*Attorneys for Plaintiff*
48 Wall Street, Suite 1100
New York, New York 10005
Telephone: (212) 729-0952

By: _____

JOSHUA S. MOSKOVITZ
BRIAN G. BUCKMIRE
CALLA R. KETCHENS

HON. SYLVIA RADIX-HINDS
Corporation Counsel of the
   City of New York
*Attorney for Defendants City and ACS*
100 Church Street, 3rd Floor
New York, New York 10007
Telephone: (212) 356-2657

By: _____

JOSEPH ZANGRILLI
*Senior Counsel*

SO ORDERED:

_____

HON. JESSICA G. L. CLARKE
UNITED STATES DISTRICT JUDGE

Dated: December 1      , 2023