UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANACELIS MARTINEZ,

                    Plaintiff,

-against-

CITY OF NEW YORK, et al.,

                    Defendants.

23-CV-6303 (JGLC)

**OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

      Before the Court is Defendant Keren Jones' motion to dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and Plaintiff's motion for leave to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). For the reasons stated below, Plaintiff's motion is GRANTED and Defendant's motion is DENIED as moot.

## BACKGROUND

      Plaintiff brings this civil rights action seeking compensatory and punitive damages in addition to attorney fees, alleging that Plaintiff's minor son (A.J.) was beaten by guards without provocation or justification while detained at Horizon Juvenile Center in Bronx County, New York. *See* ECF No. 46. This action was filed on July 20, 2023. ECF No. 1. Plaintiff filed her First Amended Complaint on April 17, 2024. ECF No. 46. On February 5, 2025, Defendant Keren Jones ("Defendant" or "Jones") moved to dismiss the First Amended Complaint. ECF Nos. 89, 90. In response, Plaintiff moved for leave to amend her complaint a second time to amplify the allegations pertaining to Jones and correct the title of individual defendants, ECF Nos. 108, 109, which Jones opposes. ECF No. 116. The motion for leave to amend appended a Proposed Second Amended Complaint ("PSAC"). ECF No. 109-1.

## DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that if a party has already "amend[ed] its pleading once as a matter of course," as Plaintiff has here, it "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)–(2). "Amendments are generally favored because they tend to facilitate a proper decision on the merits." *Env't Sols. Assocs. Grp., LLC v. Conopoco, Inc.*, No. 20-CV-10699 (MKV), 2021 WL 2075586, at *1 (S.D.N.Y. May 24, 2021) (internal citation and quotation marks omitted). Whether to grant or deny leave to amend is "within the sound discretion of the trial court" and leave to amend shall be freely granted "when justice so requires." *Bay Harbour Mgmt., LLC v. Carothers*, 474 F. Supp. 2d 501, 502 (S.D.N.Y. 2007) (citing *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990)); Fed. R. Civ. P. 15(a)(2).

The Supreme Court has instructed, however, that leave should be denied upon a showing of "futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Here, Defendant does not assert that Plaintiff seeks this amendment in bad faith or that she will suffer any prejudice by Plaintiff filing a Second Amended Complaint. The Court also finds that granting Plaintiff leave to amend will not cause undue delay to Defendants given the early stage of the litigation. *See Env't Sols. Assocs. Grp., LLC v. Conopoco, Inc.*, No. 20-CV-10699 (MKV), 2021 WL 2075586, at *3 (S.D.N.Y. May 24, 2021) ("There is no undue delay as Plaintiff's request for leave was filed in response to Defendant's motion to dismiss.").

Instead, Defendant's primary argument against granting leave to amend is futility. "[T]he standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss." *IBEW Loc. Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of*

*Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). In making this determination, a court must consider the proposed amendments along with the rest of the complaint and "accept as true all non-conclusory factual allegations therein, and draw all reasonable inferences in plaintiff's favor to determine whether the allegations plausibly give rise to an entitlement to relief." *Id.*

Defendant contends that the amendments reflected in the PSAC are futile for two reasons, neither of which has merit. First, she contends that the PSAC "contains mere conclusory and generalized allegations against Defendant" with respect to the failure to intervene claim.[1] And, second, she argues that she is entitled to qualified immunity. ECF No. 116 at 1–2. The Court addresses each argument in turn.

The allegations in the PSAC regarding Jones's alleged failure to intervene are neither generalized nor conclusory. "Prison officials can be held liable under 42 U.S.C. § 1983 for failing to intervene in a situation where another official is violating an inmate's constitutional rights, including the use of excessive force, in their presence." *Randolph v. Griffin*, 816 F. App'x 520, 523 (2d Cir. 2020). For this claim, a plaintiff must plead and prove excessive force by another officer and that "(1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to

---

[1] Defendant Jones does not appear to contest Plaintiff's claims against her for assault and battery or Section 1983 conspiracy. Although the allegations in the PSAC do not appear to support claims for assault and battery, Defendant Jones did not move on this ground and the parties did not address this issue.

intervene." *Israel v. City of New York*, No. 16-CV- 6809 (PGG), 2018 WL 11219076, at *6 (S.D.N.Y. Sept. 29, 2018) (citing *Jean-Laurent v. Wilkinson,* 540 F. Spp. 2d 501, 512 (S.D.N.Y. 2008)).

Here, Plaintiff's PSAC alleges particularized facts with respect to Jones's alleged conduct. Plaintiff alleges that Jones observed another officer drag A.J. down a hall into a cell and observed several officers kicking and punching A.J. Jones failed to intervene or take any actions whatsoever to stop the assault, and instead, guarded the door where A.J. was being assaulted to prevent other staff members from observing or intervening in the assault. Plaintiff further alleges that Jones left A.J. on the floor after the assault and conspired with other officers to cover up the assault. *See* ECF No. 109-1. These allegations are sufficient to state a claim for failure to intervene. *See, e.g.*, *Johnson v. New York State Police*, 659 F. Supp. 3d 237, 251 (N.D.N.Y. 2023).

Defendant, on the other hand, argues that Jones was not aware of any assault and did not have a realistic opportunity to intervene. In particular, Defendant points out that she is a petite woman who could not have physically intervened to "stop three, tall, large, muscle-bound males from assaulting [A.J.]"[2] ECF No. 116 at 7. However, Defendant's denial of her awareness of the assault is a factual dispute inappropriate for the Court to resolve at this juncture. *See Kaplan v. Cnty. of Orange*, 528 F. Supp. 3d 141, 165–166 (S.D.N.Y. 2021) (denying a motion to dismiss a Section 1983 claim where defendants' arguments relied on facts that did not appear in the

---

[2] In opposition to Plaintiff's motion, Defendant submits a video for the Court's consideration, alleging it to be "integral to the PSAC." Opp. at 8, n.5. The Court may not consider the video at this juncture, as it is not incorporated into the Complaint. *See Ashley v. Gonzalez*, No. 19-CV-6282 (AJN), 2020 WL 7027501, at *2 (S.D.N.Y. Nov. 30, 2020) ("[E]xtraneous videos documenting the events in question are not properly considered on a motion to dismiss unless the plaintiff relied upon the videos when drafting the complaint").

4

complaint). And, the question of what Jones could or should have reasonably done to intervene is also a fact-specific inquiry that the Court cannot now properly resolve. *See Robinson v. Deutsche Bank Tr. Co. Americas*, 572 F. Supp. 2d 319, 322 (S.D.N.Y. 2008) ("[F]act-specific [questions] are] generally considered inappropriate for determination on a motion to dismiss."); *Johnson*, 659 F. Supp. 3d at 251 ("This argument [regarding defendant's opportunity to intervene] must be rejected because it is too fact-specific an inquiry to resolve at this early stage of the case."). Therefore, the Court rejects Defendant's argument that Plaintiff has not plausibly alleged a Section 1983 failure to intervene claim.

    Defendant is also not entitled to qualified immunity at this stage of the litigation. As the Second Circuit has stated, a defendant asserting qualified immunity defense at this pre-discovery phase faces a "formidable hurdle." *McKenna v. Wright*, 386 F.3d 432, 434 (2d Cir. 2004). When addressing qualified immunity in advance of full merits discovery, "the question to be answered is whether a reasonable government officer, confronted with the facts as alleged by plaintiff, could reasonably have believed that [her] actions did not violate some settled constitutional right." *In re New York City Policing During Summer 2020 Demonstrations*, 548 F. Supp. 3d 383, 412 (S.D.N.Y. 2021).

    It is well-established that an officer's failure to intervene to prevent excessive force is a constitutional violation. *See, e.g.*, *O'Neill v. Krzeminski*, 839 F.2d 9, 11 ("A law enforcement officer has an affirmative duty to intercede on behalf of a citizen whose constitutional rights are being violated in [her] presence by other officers."). As explained above, the facts as alleged in the PSAC state a violation of this clearly established right. Defendant contends that Plaintiff failed to identify applicable clearly-established law, because there is no similar case in which the Second Circuit found that a petite woman failed to intervene to stop excessive force committed

by much larger men. However, as stated above, these facts that Defendant assert are found nowhere in the PSAC, and as such, cannot serve as a basis for qualified immunity at this pre-discovery phase. *See Brown v. Halpin*, 885 F.3d 111, 117 (2d Cir. 2018) (holding that the facts supporting qualified immunity must appear on the face of the complaint).

For the foregoing reasons, the Court finds no compelling reasons to deny Plaintiff's motion for leave to amend the Complaint.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion for leave to amend is GRANTED and Defendant's motion to dismiss is DENIED as moot. *See Env't Sols. Assocs*, 2021 WL 2075586, at *1 ("Where a plaintiff seeks to amend its complaint while a motion to dismiss is pending, a court may [] deny the pending motion to dismiss as moot . . . ."). Plaintiff shall file the Proposed Second Amended Complaint by June 27, 2025. The Clerk of Court is respectfully directed to terminate ECF Nos. 89 and 108.

Dated: June 25, 2025
       New York, New York

SO ORDERED.

_Jessica Clarke_

JESSICA G. L. CLARKE
United States District Judge